Bautista v 1650 Corp.
2026 NY Slip Op 03503
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Anastacio Bautista, Plaintiff-Respondent,
v
1650 Corp. et al., Defendants-Appellants.

Decided and Entered: June 04, 2026
Index No. 157357/20|Appeal No. 6808|Case No. 2025-06359|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Cascone & Kluepfel, LLP, Farmingdale (Kyle Silverstein of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York (Gennaro Savastano of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 4, 2025, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this personal injury action plaintiff alleges that he sustained injuries when he slipped and fell on his bathroom floor, which was wet from a leak in the ceiling. The court properly denied defendants' motion for summary judgment because there are triable issues of fact as to whether defendants created or lacked notice of the leak that caused the water to drip onto plaintiff's bathroom floor. (see Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]). While defendants denied that they received any complaints concerning water leaking from the bathroom ceiling, plaintiff testified that the ceiling had been leaking for years, and that he complained to the building manager approximately five times in the two to three months preceding his accident (see De Barcacel v 1015 Concourse Owners Corp., 204 AD3d 605, 606 [1st Dept 2022]). Defendants' denial that they received any complaints of the leak raises a credibility issue to be resolved by the factfinder (see Sanyang v Davis, 198 AD3d 522, 522 [1st Dept 2021]).
Moreover, defendants' evidence that it repaired a shower pipe in the bathroom of the apartment above plaintiff's at an unspecified time prior to plaintiff's accident, combined with evidence that the leak continued occurring after this repair, raises an issue of fact as to whether defendants' efforts created or exacerbated the leak (see Karydas v Ferrara-Ruurds, 142 AD3d 771, 772 [1st Dept 2016]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026